UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN BENVENUTI,

        Plaintiff,

v.                          Civil Action No.

WALSH COLLEGE OF          Honorable
ACCOUNTANCY AND
BUSINESS ADMINISTRATION,

        Defendant.

---

## <u>NOTICE OF REMOVAL</u>

Defendant Walsh College of Accountancy and Business Administration ("Defendant"), pursuant to 28 U.S.C. §1441 *et seq*., provides notice of the removal of the above-captioned action from Oakland County Circuit Court, State of Michigan (Case No. 2022-196570-CD), to the United States District Court for the Eastern District of Michigan, Southern Division, and in support states as follows.

1.     On December 7, 2022, Plaintiff Robin Benvenuti ("Plaintiff") filed suit against Defendant in Oakland County Circuit Court, State of Michigan, said action being designated as *Robin Benvenuti v. Walsh College of Accountancy and Business Administration*, Docket No. 2022-196570-CD ("Circuit Court Action"). The Complaint asserts one single Count of alleged

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

age discrimination under Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq*. ("ELCRA").

2.      On January 7, 2023, Defendant filed and served to Plaintiff its Answer to Plaintiff's Complaint.

3.      On February 1, 2023, Plaintiff filed and served upon Plaintiff a First Amended Complaint adding, in addition to her claim alleging age discrimination under ELCRA, a second Count alleging age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

4.      Therefore, this removal is timely filed within thirty (30) days of service of the first pleading in which a federal question was pled under 28 U.S.C. §1446(b)(1).

5.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, motions, and briefs served on the Defendant as well as those filed in the Oakland County Circuit Court in this matter are attached hereto along with the Court's docket sheet.

| No. | Description | Date |
|---|---|---|
| Exhibit 1 | Complaint & Jury Demand | 12/07/22 |
| Exhibit 2 | Summons Issued to Walsh | 12/08/22 |
| Exhibit 3 | Return of Service | 12/09/22 |
| Exhibit 4 | Answer to Complaint and Affirmative Defenses | 01/27/23 |
| Exhibit 5 | Attorney Appearance of Ryan VanOver | 01/27/23 |
| Exhibit 6 | Plaintiff's First Amended Complaint | 02/01/23 |
| Exhibit 7 | Oakland County Docket Sheet | 02/07/23 |

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

6.     This case is being removed to this Court on the bases of federal question jurisdiction.

7.     As of the date of this Notice of Removal, Defendant has not filed a responsive pleading to Plaintiff's First Amended Complaint.

8.     A party may timely remove a pending state court action to federal district court if the federal district court would have original jurisdiction. 28 U.S.C. §1441(a).  Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

9.     Removal is appropriate under the Court's original "federal question" jurisdiction because Plaintiff alleges age discrimination in violation of the ADEA.  (Exhibit 6, First Amended Complaint, ¶¶35-40).

10.    In addition to exercising its federal question jurisdiction, this Court should also exercise supplemental jurisdiction over Plaintiff's age discrimination claim under state law (ELCRA) pursuant to 28 U.S.C. §1367, as such claims form part of the same claim or controversy under Article II of the U.S. Constitution as the ADEA claim over which this Court has jurisdiction pursuant to 28 U.S.C. §1331.

11.    Because the Court has original federal question jurisdiction over this matter, pursuant to 28 U.S.C §1331 and §1441, and because all

- 3 -

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

other prerequisites for removal of this case to this Court have been fulfilled, this matter may be removed pursuant to 28 U.S.C. §1441.

12. Venue in this Court is proper under 28 U.S.C. §1441(a) and §1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending. This Court is the district court for the district embracing the County of Oakland in which the state court action was filed. *See* 28 U.S.C. § 1391; 28 U.S.C. §1441(a); E.D. Mich. LR 83.10.

13. Furthermore, promptly after filing this Notice of Removal, as required by 28 U.S.C. §1446(d), Defendant will give written notice of the Notice of Removal to the Oakland County Circuit Court, Michigan and also serve that written notice upon Plaintiff's counsel.

In accordance with the requirements of 28 U.S.C. §1331, §1441(a), and §1446, Defendant respectfully requests that the United States District Court for the Eastern District of Michigan, Southern Division, accept this Notice of Removal, assume jurisdiction of this lawsuit, and issue such further orders and processes as may be necessary to bring before it all necessary parties.

WHEREFORE, Defendant gives notice of removal of this case from Oakland County Circuit Court to this Court.

DYKEMA GOSSETT PLLC

Dated: February 17, 2023         By: */s/ James F. Hermon*
                                     James F. Hermon (P53765)
                                     Ryan J. VanOver (P82007)
                                     *Attorneys for Defendant*
                                     400 Renaissance Center
                                     Detroit, Michigan 48243
                                     (313) 568-6800
                                     jhermon@dykema.com
                                     rvanover@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all ECF participants, and a copy was also sent via email and First Class Mail to:

> Donald J. Gasiorek
> *Attorney for Plaintiff*
> GASIOREK MORGAN
> 30500 Northwestern Hwy., Suite 425
> Farmington Hills, MI  48334
> dgasiorek@gmgmklaw.com

DYKEMA GOSSETT PLLC

Dated: February 17, 2023          By: */s/ James F. Hermon*
                                     James F. Hermon (P53765)
                                     Ryan J. VanOver (P82007)
                                     *Attorneys for Defendant*
                                     400 Renaissance Center
                                     Detroit, Michigan 48243
                                     (313) 568-6800
                                     jhermon@dykema.com
                                     rvanover@dykema.com

*DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN BENVENUTI,

    Plaintiff,

v.           Civil Action No.

WALSH COLLEGE OF    Honorable
ACCOUNTANCY AND BUSINESS
ADMINISTRATION,

    Defendant.

_____

## EXHIBITS TO
## NOTICE OF REMOVAL

1. Complaint & Jury Demand

2. Summons Issued to Walsh

3. Return of Service

4. Answer to Complaint and Affirmative Defenses

5. Attorney Appearance of Ryan VanOver

6. Plaintiff's First Amended Complaint

7. Oakland County Docket Sheet

## **EXHIBIT 1**

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ROBIN BENVENUTI,

     Plaintiff,

                               2022-197650-CD

v.
                           Case No. 2022-     -CD
                           JUDGE DAVID M. COHEN

WALSH COLLEGE OF ACCOUNTANCY
AND BUSINESS ADMINISTRATION,
a Michigan Nonprofit Corporation,

     Defendant,

---

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

---

*There is no other Civil Action arising out of the same transaction as alleged in this Complaint, pending in this Court nor has any such action been previously filed and dismissed after having been assigned to a judge.*

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, ROBIN BENVENUTI, by her attorneys, GASIOREK MORGAN, states the following for her Complaint against Defendant:

1.     This Complaint asserts claims of age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*. ("ELCRA").

## PARTIES

2.     Plaintiff, ROBIN BENVENUTI, is an individual residing in Shelby Township, Macomb County, Michigan.

1

FILED   Received for Filing   Oakland County Clerk   12/7/2022 1:57 PM

GASIOREK MORGAN
LAWYERS FOR THE WORKPLACE
30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

3.     Defendant, WALSH COLLEGE OF ACCOUNTANCY AND BUSINESS ADMINISTRATION, is a Michigan nonprofit corporation, with a principal place of business located in Troy, Oakland County, Michigan.

## JURISDICTION AND VENUE

4.     This Honorable Court has jurisdiction over Plaintiff's ELCRA claims pursuant to MCL § 37.2801.

5.     Venue is proper in this Judicial Circuit pursuant to MCL § 37.2801 and because Defendant conducts regular, continuous and systematic business activities within Oakland County and because the discriminatory and illegal conduct of the Defendant occurred in Oakland County, Michigan.

## GENERAL ALLEGATIONS

6.     Plaintiff's year of birth is 1961.

7.     In June 1997, Plaintiff commenced employment with Defendant as a part-time personnel coordinator.

8.     In November 2001, Defendant promoted Plaintiff to full time personnel coordinator also known as Human Resources Coordinator.

9.     Plaintiff, at all times, performed her assigned duties and responsibilities in a manner that demonstrated that she was qualified for her position and qualified to retain her position as a Human Resources Coordinator.

10.    For example, all of the Defendant's year-end or annual performance reviews contained in Plaintiff's personnel file rated Plaintiff's performance as "E" (exceeded objectives/criteria) and/or "M" or "G" (fully satisfactory or met performance objectives/criteria).

11.     In addition, all of Defendant's "mid-year" performance reviews contained in Plaintiff's personnel file rated Plaintiff as "progressing satisfactorily".

12.     None of Plaintiff's performance reviews rated her performance as "NI" (or some criteria/objectives not met) and/or "D" (did not meet most or all criteria/objectives).

13.     In or about June 2022, Defendant hired Veronica Richards ("Richards") as its Director of Human Resources.

14.     Richards immediately began treating Plaintiff differently than younger employees.

15.     Between June and August 2022, Richards recommended that Defendant terminate Plaintiff's employment and sought to replace Plaintiff with someone younger.

16.     On August 24, 2022, Defendant terminated Plaintiff's employment.

17.     Defendant mentioned nothing about any deficiency or inefficiency in Plaintiff's work performance when it notified her of her employment termination.

18.     Moreover, Defendant's Employee Handbook provides that "warning notices will be placed in the applicable employee's personnel file."

19.     No warning notices (i.e, oral warning, written warning, probation, and/or suspension) are contained in Plaintiff's personnel file.

20.     The same date that Defendant terminated Plaintiff' (August 24, 2022), Defendant sent out a written memo from Richards to employees, addressed "Dear Colleagues" and titled "Welcome to Walsh College – Danielle Ruch" (hereafter "Dear Colleagues Memo").

GASIOREK MORGAN

LAWYERS FOR THE WORKPLACE

30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

21.     In Richards' "Dear Colleagues Memo" dated August 24, 2022, Defendant announced that Plaintiff's "last day with Walsh College was on August 24th"and also announced the hire of her replacement, Danielle Ruch, as Human Resources Business Partner.

22.     Danielle Ruch is substantially younger than Plaintiff.

23.     The duties and responsibilities of the Human Resources Business Partner position are the same as Human Resources Coordinator (Plaintiff's former title).

24.     Plaintiff was replaced by and/or her former duties and responsibilities were assumed by a younger individual.

25.     Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment were a pretext for discrimination.

26.     Plaintiff's age was a factor in Defendant's decision to terminate her employment.

27.     Defendant's discriminatory treatment and its termination of Plaintiff because of her age was willful and deliberate.

28.     On November 10, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") which Charge was received by the EEOC on November 22, 2022 but has yet to be assigned an Agency Charge number.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

29.     Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30.     At all relevant times, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq*., as amended.

31.     At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

32.     Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment because of her age, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her age.

33.     As a direct and proximate result of Defendant's discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL IS HEREBY MADE.**

Respectfully submitted,

**GASIOREK MORGAN**

BY:___/s/ Donald Gasiorek_____
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
Dated: December 7, 2022          dgasiorek@gmgmklaw.com

Case 2:23-cv-10417-LVP-KGA ECF No. 1, PageID.15 Filed 02/17/23 Page 15 of 41

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ROBIN BENVENUTI,

    Plaintiff,

                              2022-197650-CD

v.                          Case No. 2022-    -CD

WALSH COLLEGE OF ACCOUNTANCY    JUDGE DAVID M. COHEN
AND BUSINESS ADMINISTRATION,
a Michigan Nonprofit Corporation,

    Defendant,

---

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

---



GASIOREK MORGAN
LAWYERS FOR THE WORKPLACE
30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

## **JURY DEMAND**

    Plaintiff, ROBIN BENVENUTI, by her attorneys, GASIOREK MORGAN, demands

a trial by jury in this cause of action.

                      Respectfully submitted,

                      **GASIOREK MORGAN**

                      BY:___/s/ Donald Gasiorek_____
                      DONALD J. GASIOREK (P24987)
                      Attorneys for Plaintiff
                      30500 Northwestern Hwy, Suite 425
                      Farmington Hills, MI 48334
                      (248) 865-0001
Dated: December 7, 2022        dgasiorek@gmgmklaw.com

# **EXHIBIT 2**

This case has been designated as an e-filing case, for more information please visit www.oakgov.com/efiling.

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** JUDICIAL DISTRICT 6th JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** | **CASE NO.** 22-197650-CD |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 1200 N. Telegraph Road, Pontiac, MI 48340 | 248-858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s). ROBIN BENVENUTI | v | Defendant's name(s), address(es), and telephone no(s). WALSH COLLEGE OF ACCOUNTANCY AND BUSINESS ADMINISTRATION, a Michigan Nonprofit Corporation |
|---|---|---|

| Plaintiff's attorney, bar no., address, and telephone no. DONALD GASIOREK (P24987) 30500 NORTHWESTERN HIGHWAY, SUITE 425 FARMINGTON HILLS, MI 48334 (248) 865-0001 | |
|---|---|

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 12/8/2022 | Expiration date* 03/09/2023 | Court clerk Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED Received for Filing Oakland County Clerk 12/8/2022 9:24 AM

**SUMMONS**
Case No. 22-197650-CD

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with PL's Interrogatories, Request for Production
Attachments

of Documents and Notice of Taking Depositions on _____
Day, date, time

_____ on behalf of _____ .
Signature

**EXHIBIT 3**

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th   JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | **SUMMONS** | 22-197650-CD |

| Court address | Court telephone no. |
|---|---|
| 1200 N. Telegraph Road, Pontiac, MI 48340 | 248-858-0344 |

Plaintiff's name(s), address(es), and telephone no(s).

ROBIN BENVENUTI

v

Defendant's name(s), address(es), and telephone no(s).

WALSH COLLEGE OF ACCOUNTANCY AND BUSINESS ADMINISTRATION, a Michigan Nonprofit Corporation

Plaintiff's attorney, bar no., address, and telephone no.

DONALD GASIOREK (P24987)
30500 NORTHWESTERN HIGHWAY, SUITE 425
FARMINGTON HILLS, MI 48334
(248) 865-0001

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/8/2022 | 03/09/2023 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   12/8/2022 9:24 AM

**PROOF OF SERVICE**

| SUMMONS |
|---|
| Case No. 22-197650-CD |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled  Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled  Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with PL's Interrogatories, Request for Production
Attachments
of Documents and Notice of Taking Depositions    on _Friday, Dec. 9, 2022_
Day, date, time

_____   on behalf of _WMSH Council_
Signature

**EXHIBIT 4**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

ROBIN BENVENUTI,

        Plaintiff,

v.

    Civil Action No. 2022-197650-CD

WALSH COLLEGE OF ACCOUNTANCY
AND BUSINESS ADMINISTRATION,

    Honorable David M. Cohen

        Defendant.

---

Donald J. Gasiorek (P24987)
Attorney for Plaintiff Benvenuti
GASIOREK MORGAN
30500 Northwestern Hwt., Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgasiorek@gmgmklaw.com

James F. Hermon (P53765)
Ryan J. VanOver (P82007)
Attorneys for Defendant Walsh College
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
jhermon@dykema.com
rvanover@dykema.com

---

**ANSWER TO COMPLAINT**

    Defendant Walsh College of Accountancy and Business Administration ("Walsh

College") answers Plaintiff Robin Benvenuti's ("Plaintiff's") Complaint as follows:

1.    Walsh College admits only that Plaintiff's Complaint asserts claims of age discrimination

        alleged to be in violation of the Elliott Larsen Civil Rights Act ("ELCRA"). Walsh College

        specifically denies that it has violated ELCRA and denies all remaining allegations in the

        Complaint.

**PARTIES**

2.    Walsh College admits the allegations contained within paragraph 2 of the Complaint.

3.    Walsh College admits the allegations contained within paragraph 3 of the Complaint.

— DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243 —

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

**JURISDICTION AND VENUE**

4.     Walsh College admits the allegations contained within paragraph 4 of the Complaint.

5.     Walsh College admits only that venue is proper in this judicial circuit, and that is conducts regular, continuous, and systematic business activities within Oakland County.   Walsh College denies the remaining allegations contained within paragraph 5 of the Complaint, and specifically denies that it has engaged in any discriminatory or illegal conduct against Plaintiff as alleged in the Complaint.

**GENERAL ALLEGATIONS**

6.     Walsh College lacks information sufficient to admit or deny the allegations contained within paragraph 6 of the Complaint and therefore leaves Plaintiff to her proofs.

7.     Walsh College admits the allegations contained within paragraph 7 of the Complaint.

8.     Walsh College admits the allegations contained within paragraph 8 of the Complaint.

9.     Walsh College denies the allegations contained within paragraph 9 of the Complaint.

10.   Walsh College admits the allegations contained within paragraph 10 of the Complaint.

11.   Walsh College admits the allegations contained within paragraph 11 of the Complaint.

12.   Walsh College admits the allegations contained within paragraph 12 of the Complaint.

13.   Walsh College admits the allegations contained within paragraph 13 of the Complaint.

14.   Walsh College denies the allegations contained within paragraph 14 of the Complaint.

15.   Walsh College denies the allegations contained within paragraph 15 of the Complaint.

16.   Walsh College admits the allegations contained within paragraph 16 of the Complaint.

17.   Walsh College denies the allegations contained within paragraph 17 of the Complaint.

18.   Walsh College admits only that a single sentence in the handbook, taken out of context states that "warning notices will be placed in the applicable employee's personnel file."  In context, the sentence reads,

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

Five types of discipline are recognized: oral warning, written warning, probation, suspension and dismissal. The College reserves the right to use any or none of these steps in any order it deems necessary.

Warning notices will be placed in the applicable employee's personnel file. Should further violations occur, such warnings will remain as a basis for further disciplinary action.

The College reserves the right to alter, modify or amend this disciplinary policy. Furthermore, the disciplinary policy does not alter the right of the College or employee to terminate the employment relationship, at any time, with or without any notice, reason or cause.

Walsh College denies the remaining allegations contained within paragraph 18 of the Complaint.

19. Walsh College admits the allegations contained within paragraph 19 of the Complaint.

20. Walsh College admits the allegations contained within paragraph 20 of the Complaint.

21. Walsh College denies the allegations contained within paragraph 21 of the Complaint.

22. Walsh College lacks information sufficient to admit or deny the allegations contained within paragraph 22 of the Complaint and therefore leaves Plaintiff to her proofs.

23. Walsh College denies the allegations contained within paragraph 23 of the Complaint.

24. Walsh College denies the allegations contained within paragraph 24 of the Complaint.

25. Walsh College denies the allegations contained within paragraph 25 of the Complaint.

26. Walsh College denies the allegations contained within paragraph 26 of the Complaint.

27. Walsh College denies the allegations contained within paragraph 27 of the Complaint.

28. Walsh College admits only that on November 10, 2022 Plaintiff filed a Charge of Discrimination with the EEOC. Walsh College lacks information sufficient to admit or deny the allegation that the EEOC received the Charge on November 22, 2022. Walsh

College denies the remaining allegations contained within paragraph 28 of the Complaint; the Charge was assigned Charge Number 471-2023-01058.

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

29. Walsh College incorporates by reference its responses to each and every paragraph of the Complaint as if fully set forth herein.

30. Walsh College admits the allegations contained within paragraph 30 of the Complaint.

31. Walsh College admits only that ELCRA prohibits age discrimination in employment, as that concept is defined in the statute and in the decisions of Courts interpreting that statute. Walsh College denies the remaining allegations contained within paragraph 31 of the Complaint.

32. Walsh College denies the allegations contained within paragraph 32 of the Complaint.

33. Walsh College denies the allegations contained within paragraph 33 of the Complaint.

### ADDITIONAL/AFFIRMATIVE DEFENSES

Walsh College asserts the following additional/affirmative defenses to Plaintiff's Complaint:

**(a)      Failure to State a Claim**

Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**(b)      Mitigation**

Plaintiff has failed to take appropriate steps to mitigate the economic damages she alleges she has suffered.

**(c)      Reservation of Right**

Defendant reserves the right to assert such additional affirmative defenses as become apparent in the course of discovery, which is ongoing and incomplete.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

DYKEMA GOSSETT PLLC

Dated: January 27, 2023       By: */s/ James F. Hermon*
                        James F. Hermon (P53765)
                        Ryan J. VanOver (P82007)
                        Attorneys for Defendant Walsh College
                        Dykema Gossett PLLC
                        400 Renaissance Center
                        Detroit, Michigan 48243
                        Telephone: (313) 568-6800
                        jhermon@dykema.com
                        rvanOver@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the Court's MiFILE e-filing system which will send notification of such filing to all counsel of record.

DYKEMA GOSSETT PLLC

Dated:  January 27, 2023          By: */s/ James F. Hermon*
                                       James F. Hermon (P53765)
                                       Dykema Gossett PLLC
                                       400 Renaissance Center
                                       Detroit, Michigan 48243
                                       Telephone: (313) 568-6800
                                       JHermon@dykema.com

016417.000093  4888-5418-4005.2

**<u>EXHIBIT 5</u>**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

ROBIN BENVENUTI,

        Plaintiff,

v.                                    Civil Action No. 2022-197650-CD

WALSH COLLEGE OF ACCOUNTANCY             Honorable David M. Cohen
AND BUSINESS ADMINISTRATION,

        Defendant.

---

Donald J. Gasiorek (P24987)            James F. Hermon (P53765)
*Attorney for Plaintiff*                Ryan J. VanOver (P82007)
GASIOREK MORGAN                *Attorneys for Defendant*
30500 Northwestern Hwy., Suite 425     DYKEMA GOSSETT PLLC
Farmington Hills, MI  48334            400 Renaissance Center
(248) 865-0001                     Detroit, Michigan 48243
dgasiorek@gmgmklaw.com          (313) 568-6800
                                   jhermon@dykema.com
                                   rvanover@dykema.com

---

**NOTICE OF APPEARANCE**

    **PLEASE TAKE NOTICE** that Dykema Gossett PLLC, through Ryan J. VanOver,

hereby enters his appearance as counsel of record in this case on behalf of Defendant Walsh

College of Accountancy and Business Administration.

    Please direct all future pleadings, notices, and correspondence accordingly.

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

DYKEMA GOSSETT PLLC

Dated: January 27, 2023   By: */s/ Ryan J. Vanover*
          James F. Hermon (P53765)
          Ryan J. VanOver (P82007)
          *Attorneys for Defendant*
          400 Renaissance Center
          Detroit, Michigan 48243
          (313) 568-6800
          jhermon@dykema.com
          rvanover@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on January 27, 2023, I electronically filed the foregoing paper with the

Clerk of the Court using the Court's MiFILE e-filing system which will send notification of such

filing to all counsel of record.

DYKEMA GOSSETT PLLC

Dated: January 27, 2023   By: */s/ Ryan J. Vanover*
          Ryan J. Vanover (P82007)
          400 Renaissance Center
          Detroit, Michigan 48243
          (313) 568-6800
          rvanover@dykema.com

016417.000093  4896-0631-9949.1

DYKEMA GOSSETT PLLC • 400 Renaissance Center, Detroit, Michigan 48243

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

**EXHIBIT 6**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ROBIN BENVENUTI,

     Plaintiff,

v.                              Case No. 2022-197650-CD
                                  Honorable David M. Cohen

WALSH COLLEGE OF ACCOUNTANCY
AND BUSINESS ADMINISTRATION,
a Michigan Nonprofit Corporation,

     Defendant,

---

**GASIOREK MORGAN**
Donald J. Gasiorek (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (Fax)
dgasiorek@gmgmklaw.com

DYKEMA GOSSETT PLLC
James F. Hermon (P53765
Ryan J. VanOver (P82007
Attorneys for Defendant
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
jhermon@dykema.com
rvanover@dykema.com

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

     Plaintiff, ROBIN BENVENUTI, by her attorneys, GASIOREK MORGAN, states the

following for her First Amended Complaint against Defendant:

     1.     This First Amended Complaint asserts claims of age discrimination in

violation of Michigan's Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.* ("ELCRA")

and the Age Discrimination in Employment Act of 1967, 29 USC §37.621, *et seq.*

("ADEA").

## PARTIES

1

2.      Plaintiff, ROBIN BENVENUTI, is an individual residing in Shelby Township, Macomb County, Michigan.

3.      Defendant, WALSH COLLEGE OF ACCOUNTANCY AND BUSINESS ADMINISTRATION, is a Michigan nonprofit corporation, with a principal place of business located in Troy, Oakland County, Michigan.

**JURISDICTION AND VENUE**

4.      This Honorable Court has jurisdiction over Plaintiff's ELCRA claims pursuant to MCL § 37.2801.

5.      Venue is proper in this Judicial Circuit pursuant to MCL § 37.2801 and because Defendant conducts regular, continuous and systematic business activities within Oakland County and because the discriminatory and illegal conduct of the Defendant occurred in Oakland County, Michigan.

**GENERAL ALLEGATIONS**

6.      Plaintiff's year of birth is 1961.

7.      In June 1997, Plaintiff commenced employment with Defendant as a part-time personnel coordinator.

8.      In November 2001, Defendant promoted Plaintiff to full time personnel coordinator also known as Human Resources Coordinator.

9.      Plaintiff, at all times, performed her assigned duties and responsibilities in a manner that demonstrated that she was qualified for her position and qualified to retain her position as a Human Resources Coordinator.

10.     For example, all of the Defendant's year-end or annual performance reviews contained in Plaintiff's personnel file rated Plaintiff's performance as "E"

2

GASIOREK MORGAN
LAWYERS FOR THE WORKPLACE
30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(exceeded objectives/criteria) and/or "M" or "G" (fully satisfactory or met performance objectives/criteria).

11. In addition, all of Defendant's "mid-year" performance reviews contained in Plaintiff's personnel file rated Plaintiff as "progressing satisfactorily".

12. None of Plaintiff's performance reviews rated her performance as "NI" (or some criteria/objectives not met) and/or "D" (did not meet most or all criteria/objectives).

13. In or about June 2022, Defendant hired Veronica Richards ("Richards") as its Director of Human Resources.

14. Richards immediately began treating Plaintiff differently than younger employees.

15. Between June and August 2022, Richards recommended that Defendant terminate Plaintiff's employment and sought to replace Plaintiff with someone younger.

16. On August 24, 2022, Defendant terminated Plaintiff's employment.

17. Defendant mentioned nothing about any deficiency or inefficiency in Plaintiff's work performance when it notified her of her employment termination.

18. Moreover, Defendant's Employee Handbook provides that "warning notices will be placed in the applicable employee's personnel file."

19. No warning notices (i.e., oral warning, written warning, probation, and/or suspension) are contained in Plaintiff's personnel file.

20. The same date that Defendant terminated Plaintiff' (August 24, 2022), Defendant sent out a written memo from Richards to employees, addressed "Dear

GASIOREK MORGAN

LAWYERS FOR THE WORKPLACE

30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

Document Submitted for Filing to Mt Oakland County 6th Circuit Court.

Colleagues" and titled "Welcome to Walsh College – Danielle Ruch" (hereafter "Dear Colleagues Memo").

21.     In Richards' "Dear Colleagues Memo" dated August 24, 2022, Defendant announced that Plaintiff's "last day with Walsh College was on August 24th "and also announced the hire of her replacement, Danielle Ruch, as Human Resources Business Partner.

22.     Danielle Ruch is substantially younger than Plaintiff.

23.     The duties and responsibilities of the Human Resources Business Partner position are the same as Human Resources Coordinator (Plaintiff's former title).

24.     Plaintiff was replaced by and/or her former duties and responsibilities were assumed by a younger individual.

25.     Upon information and belief, Defendant's proffered reasons for terminating Plaintiff's employment were a pretext for discrimination.

26.     Plaintiff's age was a factor in Defendant's decision to terminate her employment.

27.     Defendant's discriminatory treatment and its termination of Plaintiff because of her age were willful and deliberate.

28.     On November 10, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") which Charge asserted violations of the ADEA; the Charge was assigned Charge Number 471-2023-01058.

GASIOREK MORGAN
LAWYERS FOR THE WORKPLACE

30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

Document Submitted for Filing to Mt Oakland County 6th Circuit Court.

29.     Plaintiff has timely amended her Complaint to add a claim for age discrimination in violation of the ADEA because at least 60 days have elapsed since she filed her EEOC Charge of Discrimination.

### COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

30.     Plaintiff repeats and incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein.

31.     At all relevant times, Plaintiff was an employee and Defendant satisfied the definition of an employer within the meaning of Michigan's ELCRA, MCL §37.2101, *et seq.*, as amended.

32.     At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her age.

33.     Defendant violated Plaintiff's rights under the ELCRA by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment because of her age, and/or otherwise discriminating against Plaintiff with respect to the terms, conditions, opportunities, compensation and/or privileges of her employment because of her age.

34.     As a direct and proximate result of Defendant's intentional discriminatory and wrongful conduct, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant in whatever amount is shown to be established by the

proofs in this cause, together with exemplary damages, interest, costs, and reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL IS HEREBY MADE.**

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

35.     Plaintiff repeats and incorporates by reference each and every paragraph of this Amended Complaint as though fully set forth herein verbatim.

36.     Defendant is an "employer" as that term is defined in the ADEA.

37.     Pursuant to the ADEA, Defendant, as an employer, had a duty to Plaintiff not to terminate or otherwise discriminate against Plaintiff with respect to her employment, compensation, terms, conditions, or privileges of employment because of her age; or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff because of her age.

38.     Defendant violated this duty to Plaintiff by, among other things, treating Plaintiff less favorably than similarly situated younger employees, terminating Plaintiff's employment because of her age, classifying Plaintiff in a way that deprived or tended to deprive her of employment opportunities because of her age and/or otherwise discriminating against Plaintiff or adversely affecting her employment status with respect to the terms, conditions, opportunities, compensation, and/or privileges of her employment because of her age.

39.     Defendant's discriminatory treatment and termination of Plaintiff because of her age were willful and deliberate.

40.     As a direct and proximate result of Defendant's intentional violation of Plaintiff's civil rights, as set forth in the ADEA, Plaintiff suffered damages, including but not limited to, loss of past and future income and employment benefits, outrage, humiliation, embarrassment, mental anxiety, emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter its Judgment against Defendant for money damages in whatever amount is shown to be established by the proofs of this case, plus exemplary damages, liquidated and/or punitive damages, together with appropriate equitable and injunctive relief, and the imposition of attorney fees and costs.

**DEMAND FOR JURY TRIAL IS HEREBY MADE.**

Respectfully submitted,

**GASIOREK MORGAN**

BY:___/s/ Donald Gasiorek_____
DONALD J. GASIOREK (P24987)
Attorneys for Plaintiff
30500 Northwestern Hwy, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
Dated: February 1, 2023      dgasiorek@gmgmklaw.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties herein at their respective addresses disclosed on the pleadings on February 1, 2023.  I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

By:     ☐ U.S. Mail          ☐ FAX
        ☐ Hand Delivered     X E-filing
        ☐ Federal Express    ☐ Email

Signature:  _____/s/ Randi Hanlon_____

GASIOREK MORGAN
LAWYERS FOR THE WORKPLACE

30500 NORTHWESTERN HIGHWAY | SUITE 425 | FARMINGTON HILLS | MI 48334

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

**EXHIBIT 7**

# Court Explorer



✏️ Register of Actions      ← Go Back

**Case Number**
2022-197650-CD
**Entitlement**
BENVENUTI ROBIN vs. WALSH COLLEGE OF ACCOUNTANCY &
**Judge Name**
DAVID M. COHEN
**Case E-Filed**
YES
**Case Filed**
12/07/2022
**Case Disposed**
00/00/0000

| Date | Code | Desc |
|------|------|------|
| 02/01/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 02/01/2023 | AMC | AMENDED COMPLAINT FILED |
| 01/31/2023 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/31/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 01/30/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 01/30/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 01/30/2023 | POS | AFFIDAVIT/PROOF OF SERVICE FILED |
| 01/27/2023 | ATC | ANSWER TO COMPLAINT FILED /AFM/POS/DFT |
| 01/27/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 01/27/2023 | MPS | MIFILE PROOF OF SERVICE FILED |
| 01/27/2023 | APP | APPEARANCE FILED /POS/DFT |
| 12/20/2022 | SUM | P/S ON SUMMONS FILED 12/09/22 |
| 12/08/2022 | SI | SUMMONS ISSUED |
| 12/07/2022 | C | COMPLAINT FILED JD |